```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

**MALCOLM E. GOLSON, #53294-083**

        **Petitioner,**

**v.**                                                                            **2:08CV70**

**PATRICIA R. STANSBERRY,**

        **Respondent.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

### A.  Background

Petitioner is currently incarcerated at the Federal Correctional Center in Petersburg, Virginia, but is challenging a state court conviction. The petition indicates that petitioner was convicted of robbery, armed robbery, breaking and entering, and use of a firearm in the Circuit Court for the City of Norfolk, Virginia. However, neither the date of the convictions nor the sentence imposed was provided.[1] Petitioner did not appeal his convictions.

On October 20, 2006, petitioner filed a writ of coram nobis in the Norfolk Circuit Court, which was dismissed on June 14, 2007. Petitioner alleges that on June 26, 2007, he filed a notice of appeal in

---

[1] The Virginia Courts Case Information website lists no conviction for petitioner in the Norfolk Circuit Court. The only charge noted on the website in petitioner's name was for "fail to yield acc," which was nolle prossed on June 9, 1999.

the Norfolk Circuit Court, but the appeal was not perfected. No further post-collateral petition has been filed in state court.

On January 30, 2008, petitioner filed a petition for writ of habeas corpus in this Court. For the reasons which follow, the Court has not directed respondent to file an answer. This matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner's only ground for relief is that his "appellate rights" be restored, as he did not know the appellate procedure and was not notified of the procedure until it was too late. (Mem. in Support of Pet. at 2.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the

passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### B.  Petitioner's Claims are Not Exhausted and are Not Subject to Federal Review.

At the outset, the Court finds that the allegations stated herein are amenable to resolution in a state habeas action, which petitioner has chosen not to pursue to completion. In order to proceed with his claim under § 2254, petitioner must satisfy the statutory exhaustion requirements. Section 2254 provides that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to

>     raise, by any available procedure, the question
>     presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

The Court finds that means exist within the state system through which petitioner may address and exhaust his claims. The Court finds no evidence in the record which suggests that petitioner has previously presented the claims to the Supreme Court of Virginia, the last step in petitioner's exhaustion of state remedies. Accordingly, the Court finds that petitioner has not satisfied the exhaustion requirements of Section 2254. Since petitioner has not satisfied the statutory requirements, the Court cannot consider the merits of the claim at this juncture. See Clayton v. Smith, 404 U.S. 53, 54 (1971); Preiser v. Rodriquez, 411 U.S. 475, 489 (1993).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil

Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to another party's objections within ten days after being served with a copy thereof.

  2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                     /s/
                  **James E. Bradberry**
                  **United States Magistrate Judge**

**Norfolk, Virginia**

**February 22, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to the following:

>Malcolm E. Golson, #53294-083, <u>pro</u> <u>se</u>
>FCC Petersburg-Low (Richmond Hall II)
>P.O. Box 1000
>Petersburg, VA  23804-1000

>Fernando Galindo, Clerk

>By _____
>                Deputy Clerk

>_____, 2008